CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

GALEN A. PHILLIPS (CABN 307644)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7110
Email: Galen.Phillips@USDOJ.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CARLOS RENAN ACOSTA,<br>Defendant. | CASE NOS. 3:24-cr-00144 & 3:26-cr-00323<br>**[~~PROPOSED~~] DETENTION ORDER** |

On June 10, 2026, the defendant Carlos Renan Acosta was charged by a Petition for Warrant for Person Under Supervision (the “Form 12”) with violating certain conditions of his supervised release, in violation of Title 18, United States Code, Section 3583. On June 30, 2026, the defendant was indicted for possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

This matter came before the Court on August 4, 2026, for a detention hearing. The defendant was present and represented by Ana Botello. Assistant United States Attorney Galen A. Phillips appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

In the Form 12 proceeding (24-cr-144) the burden is on the defendant to show by clear and convincing evidence that he is not a flight risk or a danger to the community. He cannot show that.

When he was arrested, he was in possession of quantities of drugs and cash that demonstrate he was engaged in significant drug dealing while on supervised release. He fled from law enforcement and when caught refused to identify himself to the police. Further, one of his conditions of supervised release was that if he is deported, he will not re-enter, but he did. This conduct collectively shows that the defendant is a risk of flight and a danger to the community, and that no conditions of release are sufficient to mitigate those risks. Accordingly, the defendant must be detained pending resolution of the Form 12.

In the new charge case (26-cr-323), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter. The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). The facts recited above in connection with the Form 12 show that the defendant is a flight risk and that no conditions of release will mitigate that risk. In addition, during the federal arrest, the defendant attempted to flee and physically resisted arrest. Further, the bail report indicates that the defendant has used a dozen aliases. These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 14, 2026

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge